**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 25-128-DLB**

**JOSE FUNES, et al.**                                                                            **PLAINTIFFS**

**V.**                            **MEMORANDUM OPINION & ORDER**

**ALLSTATE PROPERTY & CASUALTY CO., et al.**                              **DEFENDANTS**

*** *** *** ***

Jose Funes and Maritza Amaya ("Plaintiffs") are residents of Columbus, Ohio. Proceeding without counsel, Plaintiffs filed a complaint against Jeffery Wilson ("Wilson") and his insurer Allstate Property & Casual Co. ("Allstate").[1] (Doc. # 6). Plaintiffs were granted permission to proceed *in forma pauperis* by a prior Order. (Doc. # 9). On November 6, 2025, Allstate filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 15). Plaintiffs filed a response to the motion (Doc. # 18) and Allstate filed a reply (Doc. # 21). For the reasons that follow, Allstate's motion will be granted and this case will be dismissed.

---

[1] The *pro se* Plaintiffs allege that their proficiency with the English language is so limited that they were unable to explain their version of events to a police officer. Notwithstanding that allegation, Plaintiffs have filed multiple lengthy submissions that raise complex legal concepts and demonstrate a strong command of the English language. Plaintiffs are cautioned that using a ghostwriter violates Rule 11 of the Federal Rules of Civil Procedure and may warrant sanctions. The ban on ghostwriting applies whether the person providing assistance is a non-lawyer, a lawyer, or a person with some legal training. *Metro Neutraceuticals, Inc. v. Cook*, 550 F. Supp. 3d 484, 486-87 (N.D. Ohio 2021).

"Complaint" refers to the amended complaint filed at Doc. # 6. *See In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013) (observing that "[a]n amended complaint supersedes an earlier complaint for all purposes").

I.     Background

On May 14, 2025, Plaintiffs and Wilson got into a car accident on I-75 in Boone County, Kentucky.  According to Plaintiffs, Wilson's vehicle entered Plaintiffs' lane and violently sideswiped their Honda Civic.  An officer from the Florence Police Department responded to the scene and documented each driver's assertion that the other was at fault.  *See* Doc. 15-1 at 3.  About one month later, Plaintiffs' son Rene Castillo contacted the Florence Police Department and advised that Plaintiffs were not able to provide a complete statement at the time of the accident due to their limited ability to speak English.  Based on Castillo's statements, an officer prepared a supplement to the initial report which reiterated Plaintiffs' claim that Wilson came into their lane and did not initially stop following the accident.  (Doc. # 15-2).

Both Plaintiffs and Wilson had automobile insurance through Allstate.  At some point, Plaintiffs made a claim with Allstate under Wilson's policy.  (Doc. # 6 at 6).  Plaintiffs allege that Allstate "repeatedly requested resubmission of the same evidence, misrouted critical materials internally, . . . failed to conduct a reasonable investigation" and "rel[ied] on the compromised police report to deny liability."  *Id.* at 6-7.  Plaintiffs filed suit against Allstate and Wilson in this Court pursuant to 28 U.S.C. § 1332(a) on August 22, 2025.  Plaintiffs seek monetary damages based on the following claims: breach of contract (Count 1); bad faith under the Kentucky Unfair Claims Settlement Practices Act (Count 2); common law bad faith (Count 3); negligent claims handing (Count 4); breach of fiduciary duty/conflict of interest (Count 5);  violation of Title VI of the Civil Rights Act (Count 6); and punitive damages (Count 7).

II.     Motion for Entry of Default

Since Plaintiffs are proceeding *in forma pauperis*, the United States Marshals Service ("USMS") assisted them with service.  See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  The USMS attempted to serve Allstate by mail on October 15, 2025.  (Doc. # 13). Allstate filed a motion to dismiss 22 days later.  (Doc. # 15).  On November 10, 2025, Plaintiffs filed a motion for entry of default against Allstate because its responsive pleading was not filed within the 21-day deadline established in Rule 12(a) of the Federal Rules of Civil Procedure.  (Doc. # 19).

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  A plaintiff seeking entry of default must demonstrate that "the defaulting party has been served with summons and a copy of the complaint."  *See California Cas. Indem. Exchange v. Meek*, No. Civ. 05-333-GFVT, 2006 WL 980736, at *1 (E.D. Ky. Mar. 7, 2006).  Plaintiffs have failed to make that showing.

Service upon a corporation, partnership, or association is achieved by delivering a copy of the summons and complaint to an officer or other agent authorized to receive service of process.  *See* Fed. R. Civ. P. 4(h); Ky. R. Civ. P. 4.04.  While Plaintiffs indicated that Allstate should be served at an address in Northbrook, Illinois (Doc. # 1-2), Plaintiffs did not identify any particular officer or agent who should receive service on Allstate's behalf.  *See Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (when service of process by USMS is required, plaintiff bears the initial responsibility of identifying each defendant's name and address with sufficient particularity).  Moreover, the USMS return

3

receipt indicates that Allstate's service packet was delivered to a P.O. Box in Dallas, Texas rather than the Illinois address provided by Plaintiffs. (Doc. # 13).

Despite the apparently ineffective service, Allstate promptly filed a motion to dismiss. "'Where a defendant appears and indicates a desire to contest an action'—even after a motion for entry of default has been filed but before the clerk or court enters default—'"a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits."'" *Winder v. Amazon*, No. 2:24-cv-02993-SHL-atc, 2025 WL 2816745, at *5 (W.D. Tenn. July 18, 2025) (quoting *Wendt v. Pratt*, 154 F.R.D. 229, 230 (D. Minn. 1994)). Accordingly, Plaintiffs' motion for entry of default will be denied.

### III. Any claims against Jeffrey Wilson will be dismissed.

The Court must dismiss, at any time, claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While the complaint's factual allegations suggest that Wilson caused the parties' car accident, Plaintiffs do not tie Wilson's alleged conduct to any legal cause of action. After all, there is no allegation that Plaintiffs and Wilson formed a contract, that Wilson is in the insurance business, that he owed Plaintiffs a fiduciary duty, or that he violated Plaintiffs' civil rights. While the Court construes Plaintiffs' *pro se* complaint liberally in their favor, it does not create claims that the Plaintiffs have not made. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011). Thus, Wilson will be dismissed as a party to this action.

4

IV.     Allstate's Motion to Dismiss

A.     Standard of Review

The Court applies federal procedural law and Kentucky substantive law when considering Plaintiffs' claims.[2] *See Erie Railway Co. v. Tompkins,* 304 U.S. 64, 77 (1938). To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 556. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

B.     Breach of Contract

Plaintiffs make clear that they seek to recover under Wilson's insurance contract with Allstate rather than their own.  But a nonparty to a contract generally cannot sue to enforce it.  *See* S*exton v. Taylor Cnty.*, 692 S.W.2d 808, 810 (Ky. Ct. App. 1985).  An exception to the general rule lies when a contract is formed for a third party's "actual and direct benefit."  *Martinez v. State Farm Mut. Auto. Ins. Co.*, 615 F. Supp. 3d 584, 589 (W.D. Ky. 2022).  In that case, the third party may sue to enforce the contract.  *Id.*

---

[2] The parties agree that Kentucky's substantive law applies to this case.  *See Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 673 n.2 (6th Cir. 1999) (noting that there is no need to undertake a choice-of-law analysis when the parties agree on the source of substantive law).

5

However, this type of "intended beneficiary relationship 'simply does not exist between an insurance company and an injured plaintiff without a judgment finding liability on the part of the insureds.'" *Id.* (collecting cases).  *See also State Auto. Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805, 808 (Ky. 1991) (observing that, under Kentucky law, "an injured party must first obtain judgment against the opposing party defendant and then seek enforcement of the judgment rendered in an action against the defendant's indemnitor").  Accordingly, Plaintiffs' breach of contract claim will be dismissed.

## C. Bad Faith

Plaintiffs claim that Allstate handled their claim in bad faith, in violation of Kentucky common law and the Kentucky Unfair Claims Settlement Practice Act ("KUCSPA"), Ky. Rev. Statute § 304.12-230.  However, "Kentucky law does not recognize a third party common law bad faith claims except upon plaintiff obtaining an assignment of an insured's rights under a policy to the third party."  *Smith v. St. Paul Travelers Co., Ins.*, Civil No. 06-202-GFVT, 2008 WL 11463487, at *3 (E.D. Ky. Mar. 31, 2008) (citing *Manchester Ins. & Indemn. Co. v. Grundy*, 531 S.W.2d 493, 498 (Ky. 1975)).  Plaintiffs fail to allege the existence of any such assignment.

Moreover, to prevail under either theory, Plaintiffs must show that: (1) Allstate was obligated to pay the claim under the terms of the policy; (2) Allstate lacked a reasonable basis in law or fact for denying the claim; and (3) Allstate knew there was no reasonable basis for denying the claim or acted with reckless disregard in denying the claim.  *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993); *Mobley v. Progressive Direct Ins. Co.*, 686 F. Supp. 3d 570, 574 (E.D. Ky. 2023) (observing that the *Wittmer* factors apply to both

common law and statutory bad faith claims).  Plaintiffs have failed to plead sufficient facts to survive Allstate's motion to dismiss.

The first element—obligation to pay—may be the result of a final judgment from a court or settlement of the underlying claim.  *See United States Liability Ins. Co. v. Watson*, 626 S.W.3d 569, 575 (Ky. 2021).  *See also Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."); *Messer v. Universal Underwriters Ins. Co.*, 598 S.W.3d 578, 587(Ky. Ct. App. 2019) ("Before an insurer can be liable for bad faith, the underlying liability must be established.").  Because Plaintiffs do not allege that underlying liability has been established or that Allstate is contractually obligated to pay them under Wilson's insurance policy, Plaintiffs' bad faith claims must be dismissed.

D.     Remaining Claims

Plaintiffs' claim of negligent claim handling also will be dismissed.  Plaintiffs do not identify any authority permitting such a cause of action under Kentucky law.  *See Welch v. Liberty Mut. Personal Ins.*, No. 23-48-DLB-CJS, 2024 WL 3243458, at *4 (E.D. Ky. June 28, 2024) (declining to recognize "negligent claim investigation" as a separate cause of action); *Big Yank Corp. v. Liberty Mutual Fire Ins. Co.*, 125 F.3d 308, 312-13 (6th Cir. 1997) (cases permitting recovery for mere negligence "[did] not involve Kentucky law" and "ha[d] no bearing on [the court's] decision.").  Regardless, since Allstate lacks any contractual obligation to pay Plaintiffs, it "cannot logically owe [Plaintiffs] a duty" with respect to its handling of their claim.  *See McKenney v. Kroger Ltd. P'Ship I*, No. 5:24-CV-261-REW-MAS, 2025 WL 3111019, at *6-7 (E.D. Ky. Nov. 6, 2025).

Plaintiffs' claims of breach of fiduciary duty/conflict of interest also fail. Plaintiffs do not identify any authority indicating these theories constitute standalone actions under Kentucky law. Rather, it appears that they are subsumed by Plaintiffs' bad faith claims. *see United Servs. Auto Ass'n v. Bult*, 183 S.W.3d 181, 187-88 (Ky. Ct. App. 2003) (considering insurer's potential conflict of interest in the context of a bad faith claim). Regardless, any fiduciary relationship between an insurer and its insured "must be based upon the relationship between [insurer and insured] arising from the insurance contract." *Kendrick v. Standard Fire Ins. Co.*, No. 06-141-DLB, 2007 WL 1035018 , at *16 (E.D. Ky. Mar. 31, 2007) (citing *Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 380 (Ky. 2000)). Since Plaintiffs' claims arise under Wilson's policy instead of their own, a fiduciary duty does not exist. And while a conflict of interest *may* arise when a single company insures both parties to an accident, Plaintiffs have not alleged any facts indicating that an actual conflict existed in this case.

Finally, Plaintiffs' claim under Title VI of the Civil Rights Act will be dismissed. Title VI provides that: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Plaintiffs allege that Allstate violated Title VI by relying on a police report containing Plaintiffs' statements taken without the aid of an interpreter. However, Plaintiffs do not allege that Allstate receives federal funds or that it has engaged in discrimination. In their response to the motion to dismiss, Plaintiffs explain that they are actually bringing a claim under Title VI and 42 U.S.C. § 1983 for deprivation of "meaningful language access" based on "joint state action and private-state conspiracy" (Doc. # 18

at 15). But Plaintiffs may not "amend" their claim in an opposition brief. *Waskul v. Washtenaw Cnty. Comm. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020). Regardless, even if such an argument were viable, Plaintiffs have not alleged any facts indicating that Allstate was working in concert with the Florence Police Department—let alone in a way that would make Allstate a government actor.

Finally, Plaintiffs' claim for punitive damages will be dismissed. Punitive damages is not a standalone claim for relief. *See Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d. 546, 548 n.1 (E.D. Ky. 2001). In any event, Plaintiffs cannot seek punitive damages at this time since all of their substantive claims are being dismissed.

## V.    Conclusion

Based on the foregoing, it is **ORDERED** as follows:

1. Plaintiffs' motion for entry of default (Doc. # 19) is **DENIED**.

2. Allstate's motion to dismiss (Doc. # 15) is **GRANTED**.

3. Any claims against Jeffrey Wilson are **DISMISSED**.

This 30th day of January, 2026.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Funes 25-128 DLB MOO-EAR.docx